## VIRGIL WILSON v. STATE.

No. A-2666.   Opinion Filed June 2, 1917.

(165 Pac. 618.)

**APPEAL AND ERROR—Conflicting Evidence.** When there is a clear conflict of testimony introduced in the trial court by the state and the accused, an appeal to this court on the ground that the verdict is contrary to the evidence is useless. It is the duty of this court to uphold the judgment of the trial court when the evidence tends reasonably to support the verdict of the jury and the judgment rendered.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

Virgil Wilson was convicted of assault with intent to kill, and appeals.

*Brown & Brown,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error was convicted in the district court of Carter county on the charge of assault with intent to kill, and his punishment fixed at imprisonment in the state penitentiary for one year and one day.

The only assignment urged in the brief is based upon the proposition that the verdict is contrary to the evidence.

The proof introduced on behalf of the state tends to show that the plaintiff in error shot Clarence Bracheen with a pistol; that the parties had been attending a dance near Wirt, in Carter county, and had been drinking. Three witnesses on behalf of the state testified that the plaintiff in error shot Bracheen without provocation or

justification; that afterwards Bracheen shot the plaintiff in error. Three witnesses testified on behalf of the plaintiff in error that Bracheen shot him first and without reasonable cause; that he shot Bracheen in self-defense. Other testimony was offered by the plaintiff in error tending to support his contention.

The question of fact thus raised was for the jury to determine.

If the plaintiff in error was acting in self-defense when he shot Bracheen, he should have been acquitted. If, on the other hand, he assaulted Bracheen without justifiable or excusable cause and shot him, then he should have been convicted. The jury was impaneled to determine this particular proposition, and it was within its exclusive province to so do. After the jury had made its findings, the verdict was approved by the trial court and a new trial denied. Under the law in this state, it is not only within the province of the trial court, but it is his duty, to set aside a verdict which is unjust. He is on the ground, hears all of the witnesses, sees them and observes their demeanor, supervises the trial, and is minutely familiar with every detail of the same. He not only has the power to set aside an improper verdict, but it is his absolute duty to do so. It is not so on appeal. The functions of the appellate court are in this respect limited.

The law is such that, upon appeal, this court is not warranted in disturbing a judgment of the trial court because the verdict is against the weight of the evidence as it appears in the record. It is our duty to uphold the judgment if there is competent testimony tending reasonably to support the finding of the jury and the judgment rendered. This has been held in almost innumerable cases,

and a contrary doctrine has never been announced in any case by this court.

This record presents, as aforesaid, the sole proposition that the verdict is contrary to the evidence. The contention is without merit. It may be that the verdict is contrary to the weight of the evidence considering the number of witnesses who testified and the manner in which they are supported. Upon that proposition we are not called upon to pass. There is ample testimony in the record, however, from which a legitimate conclusion of guilt could be drawn. There is, therefore, nothing for us to review.

The judgment is affirmed.

DOYLE, P. J., and MATSON, J., concur.